FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUL 2 9 2004

ROBERT COLES,

      Plaintiff,

                                                  CLERK

v.                                  No. CIV-04-0578 WJ/RHS

DONALD DORSEY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

    The complaint alleges that, in 1998, Plaintiff was severely injured when he was assaulted by a large group of inmates. Plaintiff previously had been placed in administrative segregation for

protection, and Defendant knew these inmates were likely to attack Plaintiff. He claims Defendant violated his Eighth and Fourteenth Amendment rights by failing to protect him from known enemies. The complaint seeks damages.

Even assuming the truth of Plaintiff's allegations, he did not file his claims within the applicable limitation period. The period of limitation for civil rights claims is the personal injury statute in the state where the violation occurs, *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years. N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). The events complained of occurred in 1998, but Plaintiff did not file the instant Complaint until May 24, 2004.[1] The alleged injury occurred more than three years before the Complaint was filed. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (holding § 1983 claim accrues when a plaintiff knows or has reason to know of injury). Plaintiff did not timely file his claims and the Court will dismiss them.[2]

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

---

[1]     Plaintiff alleges that he did not file his complaint for fear of retaliation by the gang members who attacked him. Conversely, he states that his current custody level separates him from gang members. The complaint thus fails to establish a basis for tolling the running of the limitation period.

[2]     The Court notes that Plaintiff expresses concerns about his future placement where gang members may once again attack him. The dismissal of the instant complaint is without prejudice to Plaintiff's right to assert new claims under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993) (stating that a prisoner is not required to wait until an assault occurs before obtaining relief.)